UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STORMIE COLLINS,
    Plaintiff,

-vs.-                              **DEMAND FOR JURY TRIAL**

HASTER LAW OFFICE, P.A.,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Hester Law office, PA, which is, upon information and belief, a Minnesota company that maintains registered offices in Hennepin County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Delta County.

5. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Wells Fargo in the amount of $876.00. This is for a credit card.

7. Sometime in June 2012, Defendant called Plaintiff's friend, Amanda Anderson, and told her that he was trying to get a hold of Plaintiff regarding a legal matter.

8. Sometime in June 2012, Plaintiff agreed to pay $100.00 a month on this alleged debt. She made these payment arrangements with Defendant's representative, Nathan Bodie.

9. Sometime in June 2012, Defendant withdrew $100.00 from Plaintiff's bank account, per Plaintiff's permission.

10. In July 2012, Defendant started calling Plaintiff on her work phone in an attempt to collect the alleged debt, despite the fact that payment arrangements had already been made and that Defendant, upon information and belief, had the plaintiff's home address and telephone number

11. On or about July 17, 2012, Defendant attempted to withdraw $110.00 from Plaintiff's bank account, without her permission. This transaction did not go through due to insufficient funds.

12. Defendant again tried to withdraw this $110.00 again on July 20, 2012. This transaction did not go through due to insufficient funds.

13. On or about August 16, 2012, Defendant attempted to withdraw $110.00 from Plaintiff's checking account again. This again did not go through due to insufficient funds.

14. On or about August 21, 2012, Defendant attempted to withdraw $110.00 from Plaintiff's checking account. This again did not go through due to insufficient funds.

15. In September 2012, Plaintiff's bank closed her bank account due to all the overdraft fees.

16. At the beginning of September 2012, Plaintiff asked Defendant to stop calling her on her work phone. Defendant continued to call Plaintiff on her work phone about two or three more times after they were instructed not to.

17. On or about September 24, 2012, Plaintiff called Defendant to see why they were trying to withdraw $110.00 from her account without her permission. During this conversation, Defendant threatened Plaintiff With legal action by the beginning of October 2012.

18. To date, Defendant has not filed a lawsuit against Plaintiff.

19. To date, Plaintiff has not received anything in writing from Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates the preceding allegations by reference.

21. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

22. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

23. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

25. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

30. Plaintiff has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

    a. Actual damages.

    b. Statutory damages.

    c. Treble damages.

    d. Statutory costs and attorney fees.

Respectfully submitted,

October 3, 2012
                        /s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com